UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONOVAN D. BARROW,            Civil Action No. 1:19-cv-1089

    Plaintiff,                                 Black, J.
                                              Bowman, M.J

    vs.

WESTROCK, INC.,

    Defendant.

**ORDER AND REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant WestRock's motion to strike Plaintiff's response in opposition to Defendant's reply in support of its motion to dismiss Plaintiff's Complaint. (Doc. 24). Also, before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim (Doc. 9) and Plaintiff's motion to amend his complaint. (Doc. 32)

Here, Plaintiff's complaint asserts he was "hired as an independent contractor (Doc. 3 at p. 1), and makes various references to said "contract" work for WestRock throughout the Complaint. (Id. at pp. 2, 4, 9). Plaintiff's independent contractor status is also confirmed by an "Independent Contractor Consulting Agreement" ("Agreement") between Plaintiff's consulting company and one of Defendant's third-party staffing vendors, AdeptSource.

As such, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting, *inter alia*, that Plaintiff fails to state a claim under Title VII and the ADA due to his independent contractor status and the lack of any allegations demonstrating an employment relationship with WestRock. In the alternative, to the

1

extent that the Court finds that Plaintiff has stated a claim for relief, Defendant seeks to strike Plaintiff's attempt at class certification under Rule 23. (Doc. 9).

Plaintiff filed a memorandum contra to Defendant's motion to dismiss. Plaintiff's opposition repeatedly references his "contract" work for WestRock, the extensions of his "assignment/project," and "the ending of the contract." (Doc. 17. at pp. 12, 15, 16, 17). His opposition also states that the work he performed was pursuant to an agreement between WestRock and AdeptSource. (Id. at. p. 15). Defendant filed its reply based on Plaintiff's consistent allegations, admissions and arguments that he was one of WestRock's independent contractors. Thereafter, without leave of court, Plaintiff filed a response to Defendants reply. In this unauthorized sur-reply, Plaintiff asserted for the first time that he was an employee of the Employment Agency AdeptSource and therefore should be "considered an employee" under Title VII with the Defendant. (Doc. 22) Thus, Plaintiff raises a new legal issue for the first time. Based on the foregoing, Defendant now asks the Court to strike Plaintiff's sur-reply and not to consider it for purposes of determining Defendant's Motion to Dismiss.

In support of its motion to dismiss, Defendant notes that it is well established in the Sixth Circuit that a non-moving party cannot raise a new legal theory for the first time in response to an opposing party's motion to dismiss. *See Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Notably, allowing such conduct would severely prejudice the moving party, not only by effectively squandering hours of time and resources expended by the non-moving party and its counsel, but by denying the non-moving party an effective opportunity to properly consider and respond

to the arguments. See *In re Keithley Instruments, Inc*., 599 F. Supp. 2d 908, at pp. 912-916 (N.D. Ohio).

Defendant further notes that this Court's local rules also state that a sur-reply to a motion may only be permitted "upon leave of court for good cause shown." Loc. R. Civ. P. 7.2.  Plaintiff did not request leave of court to file his sur-reply. Nor has he provided good cause for his failure to do so.  However, upon careful review and in the interests of justice, the undersigned finds that Defendant's motion to strike is not well-taken.

When a plaintiff proceeds pro se, the court will "hold [the complaint] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will consider documents filed after the complaint "as part of the pleadings." *Flournoy v. Seiter*, No. 98–3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987) (unpublished). However, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed.Appx. 608, 615 (6th Cir.2011) (*quoting Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)).

In order to state a claim upon which relief can be granted, Plaintiff's complaint must contain allegations that address "all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 406 (6th Cir.1998).  In order to state a claim under Title VII or ADA the Plaintiff must allege that he is an employee and not an independent contractor of the Defendant.  Here, Plaintiff's allegations in the complaint, along with his allegations in his sur-reply, state a facially plausible claim for a violation under the Title VII and the ADA.

The Court recognizes that new factual allegations raised in an opposition memorandum generally should not be considered because they were not part of the initial

3

complaint. However, given that the pro se plaintiff has alleged factually coherent claims, the Court will not dismiss the complaint at this time, and instead, will give plaintiff the opportunity to amend his complaint to include supporting factual allegations for his Title VII and ADA claims. *Nash v. Georgetown Police Dep't*, No. 1:13–CV–741–HJW, 2014 WL 794761, at *1 (S.D.Ohio Feb. 27, 2014) (citing Fed.R.Civ.P. 15(a)(2)). *See also Brown v. Matauszak*, 415 Fed.Appx. 608, 615 (6th Cir.2011) (Sixth Circuit has recognized that "at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, even if the plaintiff does not seek leave to amend.").

As such, Plaintiff's motion to amend his complaint is well-taken.

For these reasons, it is herein **ORDERED** that 1) Defendant's motion to strike (Doc. 24) is **DENIED;** 2) Plaintiff's motion to amend (Doc. 32) is **GRANTED**; and 3) Plaintiff shall filed his amended complaint containing the supporting factual allegations contained in his sur-reply relating to his Title VII and ADA claims within **30 days** of this Order.

It is further **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's complaint (Doc. 9) should be **DENIED** at this time, subject to refiling, if necessary, if Plaintiff's amended complaint fails to cure the deficiencies raised in Defendant's motion.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONOVAN D. BARROW,

    Plaintiff,

vs.

WESTROCK, INC.,

    Defendant.

Civil Action No. 1:19-cv-1089

Black, J.
Bowman, M.J

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).