UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONOVAN D. BARROW, | : | Case No. 1:19-cv-1089 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WESTROCK, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DISMISSING CASE
FOR WANT OF PROSECUTION**

On January 27, 2020, Plaintiff filed his initial complaint in this case, *pro se*. (Doc. 3). Thereafter, the Court granted Plaintiff's numerous requests to continue and stay this case, in order for Plaintiff to retain counsel. Regardless, to date, Plaintiff has yet to retain counsel and remains *pro se*.

On April 7, 2020, Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9), which motion was fully briefed (Docs. 17, 20, 22).[1] However, consideration of Defendant's Rule 12(b)(6) motion was deferred through December 1, 2020, as the proceedings were twice stayed at Plaintiff's requests. (*See* Doc. 30 at 2).

On November 30, 2020, immediately prior to the expiration of the stay, Plaintiff filed a motion to amend his complaint (Doc. 32), which motion was opposed and fully briefed (Docs. 33, 34). Notably, Plaintiff did not attach a copy of the proposed amended

---

[1] Doc. 22 is Plaintiff's unauthorized sur-reply. The Magistrate Judge has since denied Defendant's motion to strike this unauthorized filing. (Doc. 35).

complaint to his motion, but instead included his proposed amendments within the body of his motion to amend. (Doc. 32).

On January 13, 2021, the Magistrate Judge submitted a combined Order and Report and Recommendation. (Doc. 35). Specifically, the Magistrate Judge noted that Plaintiff had sufficiently alleged facts (albeit for the first time in Plaintiff's technically unauthorized sur-reply to Defendant's motion to dismiss) to state a facially plausible Title VII and ADA claim. (*Id.*) Accordingly, the Magistrate Judge granted Plaintiff's motion for leave to amend (Doc. 32) and **ordered** that "Plaintiff shall file[] his amended complaint containing the supporting factual allegations contained in his sur-reply relating to his Title VII and ADA claims within **30 days** of this Order." (Doc. 35 at 4). The Magistrate Judge further recommended that this Court deny Defendant's motion to dismiss (Doc. 9) without prejudice, given the anticipated filing of the amended complaint. (*Id.*) Defendant did not object to this recommendation.

Despite the Magistrate Judge's clear instructions, Plaintiff failed to file the amended complaint within 30 days and, indeed, has failed to do so to date. As a result, Defendant filed a motion to dismiss for want of prosecution, arguing, in effect, that Plaintiff has continuously delayed these proceedings and that he has yet to file his amended complaint, despite being granted leave to do so. (Doc. 36). Plaintiff responded to this motion, and rather than filing his amended complaint as required, Plaintiff opposed Defendant's motion by filing his own motion for default judgment and arguing that his amended complaint was previously filed as an attachment his motion to amend. (Docs. 37, 38). However, as this Court previously noted, Plaintiff did not attach an

2

amended complaint to his motion, but instead incorporated proposed amendments into his memorandum.

On March 31, 2021, this Court issued a Decision and Entry adopting the combined Order and Report and Recommendation of the Magistrate Judge, but specifically stating that:

> Even under the lax standards applicable to *pro se* parties, Plaintiff is not free to disregard the Court's express orders. The Magistrate Judge's January 13, 2021 Order provided Plaintiff with clear instructions and a definite deadline. If Plaintiff fails to comply, this Court will dismiss the case.
>
> [. . .]
>
> The Court hereby **ORDERS** that Plaintiff **SHALL** abide by the Magistrate Judge's instructions, as set forth in the January 13, 2021 Order (Doc. 35) and, accordingly, Plaintiff **SHALL** file his amended complaint on or before April 14, 2021. Should Plaintiff fail to file his amended complaint on or before April 14, 2021, the Court will dismiss Plaintiff's case for want of prosecution.

(Doc. 41 at 3). Now April 14, 2021 has come and gone, and despite this Court's clear direction, Plaintiff has again failed to file an amended complaint.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). And while *pro se* litigants are held to less stringent pleading standards, they are not excused from following the Court's orders and instructions. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[*Pro se* plaintiff's

3

action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware").

Here, Plaintiff has been given ample time, at his request, to seek counsel (which he failed to do), to amend his complaint, and to adequately litigate this case. And Plaintiff has been warned that his failure to abide by Court Orders will result in the dismissal of his case. Nevertheless, Plaintiff has repeatedly failed to file his amended complaint in accordance with the Court's direction. Accordingly, this case should be dismissed for want of prosecution. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).[2]

For the reasons stated above:

1. This case is **DISMISSED** for want of prosecution; and

2. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

3. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

---

[2] The Court could also dismiss the case on Defendant's pending Rule 41(b) motion to dismiss for want of prosecution. (Doc. 36). In ruling on Defendant's motion, the Court must consider the following: (1) whether Plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether Defendant was prejudiced by Plaintiff's conduct; (3) whether Plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). As the procedural history here indicates, Plaintiff's failure has been knowing and willful, Plaintiff has been given ample time and careful instruction to ensure compliance with Court Orders, Plaintiff has been warned that failure to comply will result in dismissal, and Plaintiff's conduct has caused a lengthy and prejudicial delay to Defendant. This Court has been appropriately accommodating to Plaintiff, particularly as a *pro se* party, and the Court has offered Plaintiff numerous opportunities to abide by its instructions. Nevertheless, Plaintiff has failed to do so in all regards. Under such circumstances, dismissal is no more drastic than is necessary or appropriate. *See also Jourdan*, 951 F.2d at 110.

**IT IS SO ORDERED.**

Date: 4/15/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge